# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN TONNEMACHER and DANIEL TONNEMACHER,<br><br>      Plaintiffs,<br><br>v.<br><br>DANIEL H. BRUNNER, Chapter 13 Trustee,<br><br>      Defendant. | NO. 2:18-CV-3002-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION TO CLOSE FILE AND DENYING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS |

BEFORE THE COURT is a Report and Recommendation issued by Magistrate Judge Rodgers, which recommends this Court deny Plaintiffs' application to proceed *in forma pauperis* and close the file. ECF No. 10. The Court has reviewed the R&R, the record and files herein, and is fully informed. For the reasons discussed below, the Report and Recommendation (ECF No. 10) is **ADOPTED in full** and Plaintiff's Application to Proceed *in Forma Pauperis* is **DENIED**.

ORDER ADOPTING THE REPORT AND RECOMMENDATION TO CLOSE FILE ~ 1

# BACKGROUND

On January 3, 2018, the Bankruptcy Appellate Panel of the Ninth Circuit transferred Appellant Daniel Tonnemacher's *in forma pauperis* application and motion to appoint counsel to this Court. ECF No. 1.

On January 8, 2018, the Magistrate Judge denied Plaintiffs' application to proceed *in forma pauperis* because he was unable to isolate or determine Mr. Tonnemacher's financial means. ECF No. 4 at 1-2. On January 26, 2018, Plaintiffs filed a renewed application to proceed *in forma pauperis*, which the Magistrate Judge denied. ECF Nos. 6; 7. The Magistrate Judge found that the renewed application only addressed the finances of Kathleen Tonnemacher as the Debtor, not Mr. Tonnemacher's finances as the Appellant. ECF No. 7 at 1. The Magistrate Judge also noted that the affidavit failed to state Mr. Tonnemacher's past litigation in its entirety. *Id.*

On April 5, 2018, the Magistrate Judge denied Plaintiffs' request to reconsider the decision. ECF No. 9 at 1. The Magistrate Judge explained that Plaintiffs failed to clearly provide the financial information of Mr. Tonnemacher as he is the Appellant. *Id.* at 2-3. The Magistrate Judge issued an R&R on May 14, 2018. ECF No. 10. On May 25, 2015, Plaintiffs filed an objection to the R&R and Defendant did not timely respond. ECF No. 11.

//

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 72, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

Here, Plaintiffs object that Kathleen Tonnemacher had all of her money "stolen from her by others," making both Plaintiffs indigent and not able to pay any fees. ECF No. 11 at 1. Plaintiffs allege that the Court has broken laws in demanding they provide numerous applications for *in forma pauperis*. *Id.* Plaintiffs claim that Kathleen Tonnemacher has complied and claim the Court will not state in writing its objections. *Id.*

The Court finds that the Magistrate Judge properly explained in three orders that the Court must be able to determine the finances of Mr. Tonnemacher as he is the Appellant. The Magistrate Judge extensively explained in his April 5, 2018 Order that Mr. Tonnemacher did not state whether the financial data belonged to Kathleen Tonnemacher or himself. ECF No. 9 at 3. Plaintiffs did not provide any details regarding Social Security benefits after merely stating that the parties receive "SS Ben." *Id.* In regards to the source and amount of funds, the Plaintiffs wrote, "Do not have the documents, but public record to your court." *Id.* The Magistrate Judge also noted that Plaintiffs allege Mr. Tonnemacher is dependent

on the applicant for care, but the applicant owes Mr. Tonnemacher $100,000 for the past year's care. *Id.* The Magistrate Judge acknowledged that the Plaintiffs are not trained or sophisticated in legal matters and that one of the parties is aged, frail, and dependent. *Id.* The Magistrate Judge also considered that this proceeding has its roots in a bankruptcy proceeding, implying some financial strain. *Id.* Yet, the Magistrate Judge found that these circumstances alone do not permit a court to waive a filing fee. *Id.*

The Court finds that the Magistrate Judge fully explained why the Court cannot grant the application for *in forma pauperis* and gave the Plaintiffs multiple opportunities to renew and correct their application. The Magistrate Judge clearly explained the shortcomings of the applications and that the Court needed the financial data solely of Mr. Tonnemacher with source and amount of funds. Plaintiffs did not provide this information and the Court is then unable to grant *in forma pauperis* status without a completed application. As Plaintiff did not offer the full filing fee, show cause why prepayment would be inappropriate, or submit a properly completed application to proceed *in forma pauperis*, the Court agrees with the Magistrate Judge that it is proper to close the file.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Report and Recommendation (ECF No. 10) is **ADOPTED in full**.
2. Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED**.

The District Court Executive is directed to enter this Order, **CLOSE** the file, and furnish copies to the parties and the Bankruptcy Appellate Panel of the Ninth Circuit.

**DATED** June 11, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER ADOPTING THE REPORT AND RECOMMENDATION TO CLOSE FILE ~ 5